HATTIE WRIGHT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 26, 1920.

Statements by the prosecuting attorney·that are entirely outside· the evidence and cannot properly be inferred from the evidence adduced, and that tend to prejudice the defendant, should not be permitted, and when such statements are brought to the attention of the court it is its duty to stop him at once, and if it fails to do so when requested, and the impropriety is great, and exception is duly taken, it is ground for a new trial.

A Writ of Error to the Criminal Court of Record, Hillsborough County; W. S. Graham, Judge.

Judgment reversed.

*Macfarlane & Macfarlane*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for the State.

BROWNE, C. J.—Hattie Wright was convicted of assault with intent to commit murder in the second degree, in the Criminal Court of Record of Hillsborough County, on an information charging her with assault with intent to commit murder in the first degree.

It appears from the testimony that Pierce Harwell, an eighteen-year-old white boy, got on a street car and occupied one of the seats set apart for negro passengers. Hattie Wright, a negro woman, came into the car and sat down along side of him. He told her to move, and upon her refusal he pushed her from the seat; she returned and

again sat down by him and he again pushed her from the seat. The testimony is conflicting from this point. One witness other than the complaining witness testified that after he pushed her from the seat the second time she came from behind him with a knife and cut him several times in the face, and that he then got up from the seat and pushed her to the floor and held her by the throat with his right hand and her right arm with his left hand. Several other witnesses testified that the cutting did not take place until after the woman had been thrown to the floor, and the assaulted party was holding her by the throat and arm. The witnesses for the defense saw no blood on Harwell's face until he and the woman were struggling on the floor. Harwell says that he did not know she had cut him when she first assaulted him, but thought she had slapped him, until a man hollowed, "Put down the knife."

This much of the evidence is essential to the proper determination of the question raised by the sixth and seventh assignments of error which are based upon certain statements made by the county solicitor in presenting the case to the jury, and the refusal of the court to instruct the jury not to consider such statements when so requested by counsel for the defendant.

The proceedings complained of are thus set out in the bill of exceptions:

"And thereupon, the evidence having been closed, the case was argued and presented to the jury by respective counsel, and in the course of the argument on behalf of the State by Mr. Chancey, the County Solicitor, he stated to the jury, 'if the prosecuting witness, Pierce Harwell, was sitting in a seat in the car and the defendant came

in and sat down beside him and didn't get up when he told her to, he had a right to make her get up;' at which point in the argument, Mr. Macfarlane interrupted Mr. Chancey, and made the following objection to the court: Defendant's counsel object to the County Solicitor laying down to the jury as the law, that the fact that this defendant sat down in a seat by the prosecuting witness gave him the right to push her from the seat, and asks the court to instruct the jury not to consider any such statement of the County Solicitor.

"By the Court:

"The Court will instruct the jury as to the law governin the case.

"By Mr. Chancey:

"I argue as law, that if he was sitting down there and she come and sit by him and he objected to it, that she is not free of fault and can't invoke the law of self-defense.

"Mr. Macfarlane again excepts to the statement of the County Solicitor, and asks the court to instruct the jury not to consider it.

"By the Court:

"Proceed, and the Court will instruct the jury as to the law governing the case.

"To which ruling of the Court the defendant, by counsel, then and there excepted.

"By Mr. Chancey:

"I submit she can't invoke the doctrine of self-defense.

"By Mr. Macfarlane:

"I again take exceptions to the Court permitting the County Solicitor to make such statements to the jury as being the law in the case, and doing it in the hearing of the court.

"By the Court:

"Objection overruled.

53—Vol. 79

"To which ruling of the Court the defendant, by counsel, then and there excepted."

The statements by the County Solicitor were not proper matters of argument, and not a correct statement of the law. The bill of exceptions shows that the improper statements were repeated twice after they had been called to the attention of the court, and the court requested to instruct the jury not to consider them.

The judge refused to do this and permitted the counsel to repeat the misleading and prejudicial statements. It is true that in its general charge which covered twelve type-written pages, the jury was correctly instructed on the law of self-defense, but the incorrect and improper statements by the County Solicitor were permitted by the court to be considered by the jury as if they were sound, up to the time he gave his general charge. This did not remove from the minds of the jury the erroneous impression that was necessarily conveyed by the language of the County Solicitor and the refusal of the Court at that time to instruct the jury that that was not the law, and that they must not consider it.

It is quite well settled in this State that statements by the prosecuting attorney that are entirely outside of evidence and cannot properly be inferred from the evidence adduced, and that tend to prejudice the defendant, should not be permitted, and that when such statements are brought to the attention of the court it is the duty of the judge to stop him at once, and if he fails to do so when requested, and the impropriety is great and exception is duly taken, it is ground for a new trial. Killins v. State, 28 Fla. 313, 9 South. Rep. 711; Bradham v. State, 41 Fla. 541, 26 South. Rep. 730; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312.

We think the statements of the prosecuting attorney which were three times repeated, and each time brought to the attention of the court, and the refusal of the court to stop the solicitor, and instruct the jury not to consider such statements, were prejudicial to the rights of the defendant and harmful error.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.