W. R. ASHER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed June 26, 1925.

1. Where circumstantial evidence is relied upon by the State for conviction in a criminal prosecution, the circumstances taken together must be of a conclusive nature and tendency leading on the whole to a satisfactory conclusion and producing in effect a moral certainty that the accused and no one else committed the offense, before a verdict of guilty is justified. It is not sufficient that the facts create only a strong probability of guilt.

2. In a conviction for capital punishment where the evidence as to the identity of the accused is not satisfactory, a new trial should be granted.

A Writ of Error to the Circuit Court for Dade County; Mitchell D. Price, Judge.

Reversed.

*G. A. Worley & Son* and *Bart A. Riley,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

PER CURIAM.—The plaintiff in error was convicted of murder in the first degree and sentenced to capital punishment. Writ of error was taken. The evidence as to the guilt of the accused is entirely circumstantial.

Where circumstantial evidence is relied upon by the State for conviction in a criminal prosecution, the circumstances

taken together must be of a conclusive nature and tendency leading on the whole to a satisfactory conclusion and producing in effect a moral certainty that the accused and no one else committed the offense, before a verdict of guilty is justified. It is not sufficient that the facts create only a strong probability of guilt. Pate v. State, 72 Fla. 97, 72 South. Rep. 517.

In a conviction for capital punishment where the evidence as to the identity of the accused is not satisfactory, a new trial should be granted. Platt v. State, 65 Fla. 253, 61 South. Rep. 502; Davis v. State, 76 Fla. 179, 79 South. Rep. 450.

Reversed for new trial.

WEST, C. J., AND WHITFIELD, TERRELL AND STRUM, J. J., concur.