JAMES PARISH, J. H. PARISH, L. M. PARISH and J. W. GLISSON, *Plaintiffs in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed November 13, 1929.

*Thos. E. Walker,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—In this case the defendants were convicted of breaking and entering a building with intent to commit a felony, to-wit: with intent to commit larceny of goods of the value of more than Fifty ($50) Dollars. The strongest statement of the case which may be obtained from the evidence is that the office building belonging to one H. C. Richards was broken into from the rear; that the front door was opened and an iron safe containing money and securities of the value of Twelve Hundred ($1200) Dollars was moved from inside of the building through the front door on to the front porch. That the safe was not opened; all securities were intact and the safe left on the front porch of the building. That the

defendants were in the town of Altha where the building was located during the early part of the night and were said to have been there by some witnesses as late as eleven thirty o'clock P. M. That they were riding in an automobile roadster with a rumble seat. That the roadster was equipped with three Michelin tires and one Oldfield tire. That tracks of an automobile equipped with such tires were found near the porch of the building. It can not be definitely ascertained whether the car with such tires had been backed up to the building or had stood sidewise to the building. The defendants were seen in a car standing side-wise to the building about eight-thirty o'clock at night. The last person who saw the building that night was a witness who testified that he saw the building at two o'clock in the night and did not see any safe on the front porch. It is further shown that a car like the one the defendants were in was in Altha as late as two o'clock that night. There is evidence that the defendants at first denied that they were in Altha that night. There is no other circumstance relied upon showing or tending to show that the defendants entered the building or that they broke into the building for any purpose whatever.

On the other hand, the defendants and the wife of one of the defendants testified that they were in Altha for a short time probably between eight and nine o'clock P. M. that they went to Blountstown and from there went to the home of the father of one of the defendants and remained there. That they were not in Altha after nine o'clock that night. Other witnesses saw the defendants in Blountstown that night after nine o'clock. The father of the Parish boy and a neighbor of his testified that the boys and the wife of one of the defendants arrived at his house before twelve o'clock and the father also testified

that he had occasion to get up at two o'clock and at that time the automobile was still standing in front of his gate. The defendants testified that they told the sheriff and other witnesses that they were not in Altha at eleven-thirty that night, but denied that they had said that they were not in Altha at all that night.

The State relied entirely on circumstantial evidence. The evidence in this case does not meet the requirements of the rule which has been often enunciated by this Court in the following language:

"When circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. It is not sufficient that the facts create a strong probability of, and be consistent with, guilt; they must be inconsistent with innocence."

Whitestone v. State, 31 Fla. 240, 12 So. R. 661; Kenedy v. State, 31 Fla. 428, 12 So. R. 858; Gantling v. State, 40 Fla. 237, 23 So. R. 857; Jenkins v. State, 35 Fla. 737, 18 So. R. 182; Pate v. State, 72 Fla. 97, 72 So. R. 517; Cannon v. State, 91 Fla. 214, 107 So. R. 360; Hall v. State, 90 Fla. 719, 107 So. R. 246; Bellamy v. State, 96 Fla. 808; 119 So. R. 137. See also Kilcrease v. State, 96 Fla. 91, 117 So. R. 863.

The most that the evidence in this case establishes is the existence of suspicious circumstances.

In Gustine v. State, 86 Fla. 24, 97 So. R. 207, this Court say:

"If the facts in proof are equally consistent with some other rational conclusion than that of guilt,

or if the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be.''

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.