ALFRED TOWNSEND, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Opinion filed May 26, 1931.

*Stafford Caldwell* and *W. P. Chavous*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for the State.

JOHNSON, Circuit Judge:

The plaintiff in error was indicted in the Circuit Court for Lafayette County for murder in the first degree. One Robert Townsend, alias Rob Townsend, was jointly indicted with him. It appears there was a severance. At a former trial the plaintiff in error was found guilty of murder in the first degree with a recommendation to mercy. This Court reversed the judgment of conviction in the former trial as appears in case of Townsend v. State, 95 Fla. 139, (116 So. 728). In the opinion in the case this Court held: "In a conviction for murder in the first degree, where the evidence as to the identity of the accused as being the guilty party is not satisfactory, a new trial should be granted. Nims v. State, 70 Fla. 530, 70 Sou. Rep. 565; Platt v. State, 65 Fla. 253, 61 Sou. Rep. 502; Davis v. State, 76 Fla. 179, 79 Sou. Rep. 450; Watson v. State, 85 Fla. 383, 95 Sou. Rep. 861; Asher v. State, 90 Fla. 75, 105 Sou. Rep. 140. See also Ming v. State, 89 Fla. 280, 103 Sou. Rep. 618.

In view of the nature of the evidence as to the identity of the person who committed the offense and as to premeditated design, a new trial should be granted and it is so ordered."

The case is again before this Court on a conviction and judgment had in a second trial, where the plaintiff in error was found guilty of murder in the second degree and sentenced to serve twenty years. It appears that the evidence offered at the second trial was substantially the same as offered at the first trial.

The writer has carefully gone over the evidence adduced at both trials, and is forced to the conclusion that the evidence is insufficient to support a conviction for murder in the second degree. It could serve no good purpose to recite the evidence here, nor to analyze its probative force.

The judgment is reversed and a new trial awarded.

WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BUFORD, C.J., AND BROWN, J., dissent.