JIM O. McCALL v. STATE.

156 So. 325.
Division B.
Opinion Filed August 10, 1934.

A writ of error to the Circuit Court for Okaloosa County, Hal W. Adams, Judge.

*Philip D. Beall, George W. Barrow* and *Wm. Fisher,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J—Plaintiff in error was convicted in the Circuit Court of Okaloosa County of the offense as principal in the second degree of murder in the second degree under the second count of an indictment which charged him with the offense as principal in the second degree of murder in the first degree.

In that count of the indictment one, Coy Strickland, was charged as principal in the first degree and plaintiff in error, McCall, and one Homer Strickland were charged as principals in the second degree. Severance was had and McCall was tried alone.

There were a great many assignments of error but not all of those things complained of as errors constituted error. Neither did all the errors committed constitute reversible error.

We think that the cross examination was unnecessarily and unduly limited. We also think that it is a fair practice conducive to the administration of justice for the court to allow both the State Attorney and counsel for the defense in criminal prosecutions to make opening statements to the jury outlining the theory of the prosecution and of

the defense by respective counsel so that the jury may better understand issues which they are to determine.

The record shows that one M. J. Arnold was called, examined, qualified and served as a juror in this cause. During the progress of the trial it was discovered by the defendant and his counsel that the same M. J. Arnold had served upon a grand jury which had investigated the charge against the defendant, and it is alleged by a verified motion that the grand jury upon which Arnold sat made a secret presentment of finding which was transmitted to the State Attorney or to the grand jury which returned indictment against this defendant in which presentment or finding that former grand jury, including the said M. J. Arnold, expressed a definite opinion as to the guilt or innocence of the defendant. These allegations were not denied or traversed by the State. It is shown that when Arnold was called as a juror in this case he qualified as not having formed or expressed any opinion as to the guilt or innocence of the accused and withheld from counsel and the court knowledge of the fact that he had been a member of the grand jury and as such had participated in the investigation by the grand jury of this offense; that he had heard witnesses testify in regard thereto and that he had joined in making a report to the State Attorney or to a subsequent grand jury declaring his opinion as to the guilt or innocence of the defendant. These facts appearing from the record are sufficient to show that although Arnold was not necessarily disqualified, he was not a proper juror.

It is also alleged in the verified motion that the report made by that grand jury including Arnold was in the possession of the State Attorney. This allegation is untraversed and not denied. If such report was in the hands of the State Attorney, then he was cognizant of the opinion form-

erly expressed by this proposed juror. He was cognizant of the fact that this proposed juror had participated as a member of the Grand Jury which had investigated the homicide under consideration and had heard the testimony of witnesses in that connection.

We think when these facts were brought to the attention of the Court, both during the trial and in motion for a new trial, that they were sufficient to show that the trial was not by a fair and impartial jury and constituted grounds upon which the verdict of such jury should be set aside and a new trial granted.

If the juror had frankly stated that he was a member of the former Grand Jury which had investigated this homicide, and heard witnesses testify in regard thereto under oath, and had then been accepted as a juror, it would have presented a different case. But, here the record shows that the State, through the State Attorney, had knowledge of an opinion which had been entertained by this juror, which opinion was gained from sworn testimony, which the defendant and his counsel did not have.

The record shows that when knowledge of this matter came to the defendant and his counsel a motion was made to withdraw this juror from the panel and to declare a mistrial; and, after verdict of conviction, these matters were urged in motion for a new trial, both of which motions were denied.

At the close of the testimony the Court instructed the jury that there was no evidence to connect Homer Strickland with the homicide. The record shows conclusively that plaintiff in error, McCall, if present at all, was only constructively present and that he did not actively participate in the homicide. These facts made it necessary for the State to prove beyond a reasonable doubt that the hom-

icide was committed by Coy Strickland. To prove the guilt of Coy Strickland, the State relied upon circumstantial evidence and, therefore, before Jim C. McCall, the plaintiff in error, could have been properly convicted as a principal in the second degree, it was necessary that the circumstances proven to substantiate the guilt of Coy Strickland, when taken together, must be of such a conclusive nature and tendency leading on the whole to a reasonable and moral certainty that the person charged with having committed the homicide did commit the same and that no one else committed the offense. It is not sufficient that the facts create a strong probability of, and be consistent with, guilt. They must be inconsistent with innocence. Parish v. State, 98 Fla. 877, 124 So. 444; Cannon v. State, 91 Fla. 214, 107 So. 360; Fall v. State, 90 Fla. 719, 107 So. 246; Asher v. State, 90 Fla. 75, 105 So. 140; Lee v. State, 96 Fla. 59, 117 So. 699; Davis v. State, 90 Fla. 816, 107 So. 245; Smith v. State, 101 Fla. 162, 133 So. 873; Simmons v. State, 99 Fla. 1215, 128 So. 486; Kennedy v. State, 31 Fla. 428, 12 So. 858; Gantling v. State, 40 Fla. 237, 23 So. 857; Pate v. State, 72 Fla. 97, 72 So. 517; Whetson v. State, 31 Fla. 240, 12 So. 661. Such evidence must be inconsistent with any reasonable theory or hypothesis of innocence. Buchanan v. State, 97 Fla. 1059, 122 So. 704. See Parish v. State, 98 Fla. 877, 124 So. 444.

The Court failed to charge the jury on the law of circumstantial evidence. The defendant requested charges which correctly stated the law in this regard and such charges were refused. This constituted reversible error and, therefore, the judgment must be reversed.

It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

184

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.