RUSSELL T. WALKER, MRS. RUSSELL T. WALKER and GUIDO DAPOS, v. THE STATE OF FLORIDA.

13 So. (2nd) 145                    January Term, 1943
March 16, 1943                              En Banc
Rehearing Denied May 14, 1943

*Wm C. Pierce* and *W. K. Zewadski,* for appellants.

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin* and *John C. Wynn,* Assistant Attorneys General, for appellee.

PER CURIAM:

Our study of the record in this case convinces us that there was sufficient testimony to support a verdict finding the defendants Russell T. Walker and Guido Dapos guilty, but that the State failed to establish beyond a reasonable doubt the guilt of the defendant Mrs. Russell T. Walker, therefore, the judgment against Russell T. Walker and Guido Dapos is affirmed and that against Mrs. Russell T. Walker reversed.

TERRELL, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BUFORD, C. J., BROWN and SEBRING, JJ., dissent.

SEBRING, J., dissenting:

I find myself unable to agree with the majority opinion in this case.

Appellants were convicted of breaking and entering into the Wayside Laundry, St. Petersburg, Florida, with intent to commit grand larceny. They appeal. The State relies entirely upon circumstantial evidence to support the judgment. Is it sufficient? I think not.

It is so well settled in this jurisdiction as to need no citation of authority that when circumstantial evidence is relied upon for conviction in a criminal case, the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused, and no one else, committed the offense. It is not sufficient that the facts create a strong probability of, and be consistent with, guilt; they must be inconsistent with innocence.

At most, all that the evidence does in this case is point to the probability of guilt. This is not enough. Parish, et al., v. State, 98 Fla. 877, 124 So. 444.

Accordingly, I am of the opinion that the judgments should be reversed.

BUFORD, C. J., and BROWN, J., concurs.