62 So.2d 41 (1952)
HEAD
v.
STATE.
Supreme Court of Florida, Division B.
December 16, 1952.
Frank H. Hendrix, Ft. Walton, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
DREW, Justice.
Mary Alice Head was charged in two counts of an information filed in Okaloosa County with manslaughter and in one count with unlawfully leaving the scene of an accident. The trial resulted in her conviction under the first count of the information, which charged that:
"* * * Mary Alice Head did unlawfully, while intoxicated by the use of alcoholic liquors, operate a certain Chevrolet Sedan automobile in such a manner as to run upon and against one Billy Ray Watson, a human being, with such force and violence as to inflict in and upon the said Billy Ray Watson certain mortal injuries of which said mortal injuries the said Billy Ray Watson then and there died, contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida."
While there are eight assignments of error in the record, counsel for appellant argue only those relative to the sufficiency of the evidence to support the verdict and judgment. We therefore consider the others as having been abandoned.
We are called upon in this appeal to resolve three questions posed by the appellant as follows:
"Question No. 1: Is the circumstantial evidence produced by the State sufficient to show that the death of the said Billy Ray Watson was caused by his being struck by an automobile?
"Question No. 2: Is the circumstantial evidence produced by the State sufficient to show that the death of the said Billy Ray Watson, if caused by his being struck by an automobile, was caused by his being struck by an automobile driven by the appellant?
"Question No. 3: Is the circumstantial evidence produced by the State, taken in its entirety, sufficient to show that the appellant and no one else committed the offense charged?"
*42 The answer to these questions must be found in an analysis of the evidence in the light of prior decisions of this Court.
On Sunday, January 28, 1951, the body of Billy Ray Watson was found lying on the north side of the highway between Munson and Baker, in Okaloosa County. The body was some distance from the road and near the east side of Penny Creek. The boots belonging to the deceased were found in the water of the creek. There was blood on the concrete culvert across the road just west of the location of the body and there was a trail of blood leading in the general direction of the body.
At the time the Highway Patrol was notified of the discovery of the body, the appellant was in the county jail at Crestview, having been taken in custody earlier in the afternoon near Crestview for driving a car while under the influence of intoxicating liquor. Crestview is about eight miles from the place where the body was found.
There is no positive evidence in the record that the death of Billy Ray Watson was caused by being struck by an automobile. No autopsy was performed and the only evidence on that point was by the undertaker, who testified that the deceased's leg was broken, probably from a hit "back behind"; that there were no other broken bones except possibly some in the neck and that there was no way to determine whether the deceased was hit by a car.
There was evidence that the front of appellant's car was damaged when observed on the highway in the vicinity of Penny Creek and at the time of appellant's arrest, but on examination by the arresting officer the appellant stated that the car was thus damaged when she bought it. There was also some evidence that blood stains were found on the front and side of the car. It is significant that no evidence was offered by the State to refute the statement of accused that the car was damaged when she bought it. Although the benefits of modern science were available to the State there is no credible evidence in the record that the stains on the car were blood stains  and if there were  that such stains were human blood.
It is true that the car driven by the appellant was seen near the scene and that it was being erratically operated at a high speed but the record also shows many other cars in the vicinity thereof at the same time.
As reluctant as we are to set aside a jury verdict because of insufficiency of evidence, to conclude that the testimony in this record offered for the purpose of showing that the deceased was killed by being struck by an automobile, would be at best a haphazard guess. The injuries could have been received in many ways other than being struck by an automobile. We realize, of course, that the cause of death had to be proven by circumstantial evidence. At the same time, when evidence of this kind is relied upon for conviction of a crime, it should be acted upon with extreme caution. Our responsibility in such circumstances  human liberty being involved  is doubly great. We have said, time and again, that under such circumstances the evidence must not only be consistent with the defendant's guilt but must also be inconsistent with any reasonable theory or hypothesis of his innocence. Buchanan v. State, 97 Fla. 1059, 122 So. 704.
In speaking of evidence of this character we said, in Gustine v. State, 86 Fla. 24, 97 So. 207 and re-affirmed in Parish v. State, 98 Fla. 877, 124 So. 444, 445:
"If the facts in proof are equally consistent with some other rational conclusion than that of guilt, * * * if the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypotheses rather than another, such evidence cannot amount to proof, however great the probability may be."
Measured by these standards, we hold that the evidence offered by the State to support the contention that the deceased was killed by an automobile did not meet the requirement of the law.
*43 There is another reason why we must reverse the judgment of conviction. We have read with great care the evidence in this case and nowhere do we find any competent, credible evidence that the car which caused the death of the deceased (conceding for the sake of argument that his death was caused by being struck by a car) was operated by the appellant. No useful purpose would be served by further reviewing the evidence. All of the evidence bearing on this question was so vague, indefinite and inconclusive that it cannot be accepted by us as the character of proof which leads the minds to the moral certainty of guilt of the appellant.
It is not enough that the evidence create a strong possibility of and be consistent with guilt. Such evidence must also be inconsistent with innocence. Hall v. State, 90 Fla. 719, 107 So. 246; Parish v. State, supra. Measured in the light most favorable to the State we cannot reach the conclusion, as stated in Asher v. State, 90 Fla. 75, 105 So. 140, which produces "in effect a moral certainty that the accused and no one else committed the offense".
Reversed for a new trial.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.