WIGGINTON, Judge.
Appellants were each jointly charged in alternative counts of an indictment with the offenses of uttering a forged check and with each aiding and assisting the other in the commission of the offense with which the other was charged as principal. Upon conviction under one count of the indictment each appellant was adjudged guilty of forgery, an offense with which they were neither charged nor convicted, and was each sentenced to a term of two years in the penitentiary. They have appealed and assigned several errors on which they rely for reversal. We confine this opinion to the assignment considered determinative of the appeal.
The record is devoid of any direct evidence tending to establish that the check in question was forged, or that either appellant knew that it was a forgery at the time Marsh uttered it. The only evidence remotely tending to establish these critical facts is purely circumstantial in character.
At the conclusion of the evidence, defendants requested the court in writing to charge the jury on the law relating to circumstantial evidence. The trial judge not only refused to give the defendants’ instruction as requested, but also failed to include in his general charge any instructions on this phase of the law.
A careful examination of the record raises a grave doubt as to whether the jury could have lawfully concluded beyond a reasonable doubt that the inferences arising from the facts in evidence are wholly consistent with the hypothesis of defendants' guilt, and are inconsistent with any reasonable hypothesis of their innocence. Yet this is the standard of proof which must be met by the State in order to sustain the conviction.[1]
In the Harris case[2] no request for an instruction on the law relating to circumstantial evidence was made by defendant, nor was such charge given by the court. On appeal, however, our Supreme Court held that when the weakness of the evidence is considered along with the brevity of the charge, including the failure to instruct upon the law relating to circumstantial evidence, justice would best be served by granting to appellant a new trial.
It is our conclusion that the trial judge’s failure and refusal in this case to properly instruct the jury on the law relating to circumstantial evidence deprived defendants of due process as guaranteed by the basic law of this State.[3]
*62 The judgments appealed from are accordingly reversed and the cause remanded for a new trial.
CARROLL, DONALD K., J., concurs.
STURGIS, C. J., concurs specially.

. Harrison v. State, Fla.App.1958, 104 So.2d 391.

. Harris v. State, Fla.1951, 53 So.2d 827.

. McCall v. State, 116 Fla. 179, 156 So. 325.