SHANNON, Chief Judge.
The appellant, defendant below, has appealed from a judgment of conviction of breaking and entering a dwelling house with intent to commit grand larceny.
The defendant was brought to trial on an amended Information consisting of two counts: 1) breaking and entering a dwelling house with intent to commit grand larceny ; and 2) grand larceny. He was found guilty by the jury as to Count One and not guilty as to Count Two. On appeal he states two points.: 1) The evidence was legally insufficient to support the judgment of conviction, for it created only a suspicion of defendant’s guilt. 2) There was a fatal variance between the allegations of the first count of the Information which charged that the defendant broke and entered a dwelling house, and the proof which conclusively showed that the structure had never been a dwelling house.
The record shows that during the process of construction of a dwelling house, which was being contracted for by a person who lived next door, there were an electric oven and an electric range left sitting in the living room. The theft of the oven and range took place between 1:45 P.M. and 4:30 to 5:00 P.M., on the day in question. Between these two times the defendant had driven up to the house in a blue pickup truck, got out, walked around the house and looked in the windows, and then got back into his truck and drove around the block a couple of times. About forty-five minutes later the defendant returned and parked in the driveway leading to the new house. On his second visit, the defendant was followed by a man in a green pickup truck. The two men stood and talked in the carport of the new house and then defendant came over to where a fourteen year old girl, the daughter of the owner, was standing, and asked her “if the cement had come.” The defendant then went back to the new house and started to talk to the man who had come in the green pickup truck. This witness, the fourteen year old girl, had to leave for a dental appointment at a certain time. About two weeks later the police found the oven and range in the house of a man who was employed every now and then by the defendant and his brother. This was all the testimony which connected the defendant with breaking and entering the house and so, if a conviction were sustained on that testimony, it would be by circumstantial evidence only.
The State called the brother of the defendant as a State witness and he testified, *598 among other things, that he and the defendant, who were in the construction business together, frequently looked over other houses that were being built, and that the person, in whose home the property was found, had worked occasionally for both the defendant and himself. No testimony was put on by the defendant after his motion for directed verdict of acquittal had been denied.
The stolen property was never traced directly to the defendant. It being found in a past employee’s possession no doubt created suspicion, but this suspicion, however strong, lacked sufficient probative value. In 12 C.J.S. Burglary § 50(a) it is said:
‘‘Joint possession and possession of others. The state may show possession of the stolen property by defendant jointly with another, particularly where they are jointly indicted and tried; and the possession of another than defendant may be shown if a conspiracy between them is proved, or if there is evidence tending to connect them as accomplices, or if the evidence shows that the other could not have come into possession except through defendant. Such evidence is not admissible, however, unless the other evidence tends to connect defendant with such other person and the commission of the offense.”
Certain criteria have been laid down by the Supreme Court of Florida as guides for the determination of whether or not evidence, circumstantial in nature, is sufficient to support a criminal conviction. As was pointed out by our Supreme Court in Head v. State, Fla.1952, 62 So.2d 41, the appellate courts are reluctant to set aside jury verdicts because of insufficiency of evidence, but, at the same time, when circumstantial evidence is relied upon for the conviction of a crime, it should be acted upon with extreme caution because human liberty is involved. The court, in Asher v. State, 1925, 90 Fla. 75, 105 So. 140, stated that in such a conviction the circumstances taken together must be of conclusive nature, leading on the whole to a satisfactory conclusion and producing in effect a moral certainty that the accused and no one else committed the offense. It was also stated that it is not sufficient that the facts only create a strong probability of guilt. Our courts have held on several occasions that before circumstantial evidence can sustain a conviction it must be sufficiently strong and cogent to exclude every reasonable hypothesis except the guilt of the accused. In other words, the evidence must be such that it is not only consistent with the defendant’s guilt, but, when taken as a whole, is inconsistent with his innocence. See e. g. Herring v. State, Fla.App.1960, 121 So.2d 807; Adams v. State, Fla.App. 1958, 102 So.2d 47; and Mayo v. State, Fla. 1954, 71 So.2d 899.
Mr. Justice Thornal, in a second-degree murder case, had this to say, in Davis v. State, Fla. 1956, 90 So.2d 629, 631:
"In arriving at the conclusion which we hereafter announce, we are aware of the fact that circumstantial evidence is many times relied upon to support convictions for crimes. * * *
“At the same time we must not lose sight of the basic proposition that one accused of a crime is presumed innocent until proved guilty beyond and to the exclusion of a reasonable doubt. It is the responsibility of the State to carry this burden. When the State relies upon purely circumstantial evidence to convict an accused, we have always required that such evidence must not only be consistent with the defendant’s guilt but it must also be inconsistent with any reasonable hypothesis of innocence. Head v. State, Fla.1952, 62 So. 2d 41; Mayo v. State, Fla.1954, 71 So. 2d 899.
. “Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime,. *599 it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict. * * * ”
Irrespective of suspicion, we cannot say that the evidence to sustain the defendant’s conviction is sufficiently strong', and hence, we will have to reverse the trial judge.
In view of the fact that, in 'our opinion, the trial court should have granted defendant’s motion for directed verdict, this case will be reversed for that purpose. Having reversed this case, there is no necessity for us to pass upon the appellant’s second question.
Reversed.
ALLEN, J., and HENSLEY, ROBT., Associate Judge, concur.