## LONGO v. BLOOMER.
No. 60-L-3147.

Circuit Court, Dade County.
January 26, 1962.

Sanford H. Kramer, Miami Beach, for plaintiff.

Dean, Adams, Fischer & Gautier, Miami, for defendant.

PHILLIP GOLDMAN, Circuit Judge.

This cause is presently before the court on the plaintiff's motion for new trial; a jury having returned a verdict for the defendant.

While the motion consists of five grounds (none of which are abandoned) only three are argued. The grounds argued relate to two events which took place during the trial — (1) the admission into evidence of a section of the Metropolitan Traffic Code (section 30-111), and (2) an alleged improper argument by defense counsel.

First the "evidence question". There is little to be gained by prolonged discussion of this ground. The court's reasoning in support of its ruling permeates the transcript. In fine, the court believes that in an intersection accident case involving a missing stop sign, section 30-111 was a relevant — not necessarily controlling but nonetheless relevant — subject for the jury's consideration. The court was of that opinion then and, right or wrong, is presently of the same mind.

The grounds addressed to defendant's argument, however, stand differently. They relate to the final argument during which the following occurred (tr. 217-218) —

> The plaintiff was on the street he called a through street and he relied upon that. Under ordinary circumstances 62nd Avenue would have been a through street, *but the ordinance says that would have been a through street if there had been a stop sign governing traffic crossing it. When there is no stop sign, that street loses its character.*

> Mr. Sams: I object to this on the grounds Your Honor ruled you would rule on it and he is misstating the law.

> The Court: I will charge them on the law and they will rely on the evidence as to what the evidence is. Proceed.

> Mr. Sams: He is stating what the law is.

> The Court: I will tell them what the law is. He is arguing.

> Mr. Fischer: *62nd Avenue loses its character as a through street because there was no stop sign governing the intersecting street,* which is what the ordinance says, and secondly, there was a caution sign on 62nd Avenue. (Italics added.)

It should be noted that at the conference on charges the court definitely ruled that, for purposes of this trial, the "through street" did not lose its character because of a missing stop sign on an intersecting street. See Bell v. Crook, Nebr., 97 N.W.2d 352; Connors v. Dobbs, Ohio, 66 N.E.2d 546; Schmit v. Jansen, Wisc., 20 N.W. 2d 542.

That being so, defendant's statement of the law (as italicized above) was clearly erroneous. The fact that counsel *again* made the erroneous statement *after* the colloquy between the court and counsel on the plaintiff's objection tended to obviate whatever

remedial effect, if any, could be attributed to the court's efforts to cure or render defendant's argument harmless. See generally, 88 C.J.S., Trial, §171, p. 340, et seq.; 53 Am. Jur., Trial, §492, p. 397. In any event it is now clear that the court should have *instanter* admonished the jury to disregard the defendant's erroneous statement of law and *at that time* given the jury a correct statement of the law; which it failed to do. Cf. Wright v. State, 79 Fla. 831, 84 So. 919.

Was the error harmful or prejudicial? Under any circumstances this is a difficult determination to make. However, in this case the problem is eased because the court had the very definite reaction that the jury's verdict was against the manifest weight of the evidence. That being so the court is reluctantly compelled to conclude that in all likelihood the error referred to above was prejudicial. Cf. Florida East Coast Railway Co. v. MacDougal, Fla. App., 120 So.2d 832.

It is accordingly ordered — (1) The plaintiff's motion for new trial is hereby granted on the basis of grounds three and four as therein set forth. (2) The final judgment heretofore entered herein is hereby set aside. (3) This cause is hereby set for trial during the two week period commencing March 12, 1962 unless prior thereto the defendant shall take and enter an appeal from this order as he is privileged to do.