CARROLL, DONALD, K., Judge.
The defendant in two consolidated cases has appealed from his judgments of conviction and sentence entered by the Circuit Court for Wakulla County.
The ultimate question presented for our determination in this appeal is whether the appellant was accorded a fair trial before the jury in the two cases.
The appellant was charged in one case with second degree murder in the shooting of one boy, and assault with intent to commit second degree murder in the second case in the shooting of another boy. At the trial the jury returned a verdict of guilty of manslaughter in the first case and of assault with intent to commit manslaughter in the second case.
The evidence at the trial established that the two boys, while hunting with guns, trespassed upon the land of the appellant, who was also carrying a gun when he confronted them. They were carrying five or six dead squirrels, but, when the appellant demanded that they give him the squirrels, they refused and the appellant shot the boys, one fatally. In this appeal the appellant does not challenge the sufficiency of the evidence to sustain the convictions.
The points on appeal raised by the appellant concern some extraordinary happenings that occurred during the course of the trial that, he contends, prevented him from having a fair trial.
The appellant’s first point on appeal is that a material witness for the prosecution had charge of and was in the company of the jury during the trial. The witness in question was the sheriff of Wakulla County, who, after giving material testimony against the appellant at the trial, had charge of the jury. He transported them to eat lunch and supper and he ate with them. The appellant relies upon the decision in Owens v. State, 68 Fla. 154, 67 So. 39 (1914), in which the Supreme Court of Florida stated that the practice of allowing a material witness to have charge of the jury was reversible error.
The appellant’s second point on appeal is divided into three parts, all concerning the *52 foreman of the jury. In the first part the appellant contends that he should have a new trial because of the false or erroneous answers given by the foreman on voir dire examination that he did not know that he or his wife was related to the victims of the shooting, while actually his wife was related by marriage to the boys who were shot by the appellant. The appellant relies upon the case of McCall v. State, 116 Fla. 179, 156 So. 325 (1934), in which the Florida Supreme Court held that, where a juror concealed a fact and was not a proper juror, though not necessarily disqualified, a new trial should be granted.
The second part of the appellant’s second point on appeal is that he is entitled to a new trial because the said foreman of the jury was absent from and separated from the rest of the jurors on three occasions during the course of the trial. The appellant cites and relies upon the case of Gamble v. State, 44 Fla. 429, 33 So. 471, 60 L.R.A. 547 (1902), in which the Florida Supreme Court said:
“The correct rule as we think, deducible from these and other cases, is that the mere separation of jurors impaneled to try a capital case, from their fellows, without the attendance of an officer, although an irregularity, is not sufficient cause for setting aside the verdict, if the court is satisfied that the prisoner has not sustained any injury from such separation. But where there has been an improper separation during such trial, if the verdict is against the prisoner, he is entitled to the benefit of a presumption that the irregularity has been prejudicial to him, and the burden of proof is upon the prosecution to show to the entire satisfaction of the court that the prisoner has suffered no injury by reason of the separation.”
The third part of the appellant’s second point on appeal relates to the consumption of intoxicants by members of the jury. The evidence showed that the said jury foreman, during one of his several absences from the other members of the jury, purchased a quantity of whiskey which he took to the motel where the jury spent the night during the trial and that the jury consumed the whiskey and had a good time doing so.
The appellant invokes the principle enunciated by the Florida Supreme Court in Gamble v. State, 44 Fla. 429, 33 So. 471 (1902), as follows:
“If intoxicants be shown to have been used by the jury, the presumption arises in favor of the convicted defendant that it resulted injuriously to him, and the burden is on the state to show affirmatively, to the entire satisfaction of the court, that its use was to such a limited and moderate extept as to completely and satisfactorily negative any harm to the defendant from its use by the jury, or any member of it.”
The third and last point on appeal is founded upon a number of remarks made by the prosecuting attorney in his closing argument to the jury, which remarks the appellant claims were improper and prejudicial. He states that the most prejudicial remarks were repeated references to the proceedings of the grand jury and invokes the rule recognized by the Florida Supreme Court in Wright v. State, 79 Fla. 831, 84 So. 919 (1920), and Blanco v. State, 150 Fla. 98, 7 So.2d 333 (1943), that statements made by a prosecuting attorney that are entirely outside the evidence which tend to prejudice the defendant, constitute reversible error.
The facts underlying the foregoing three points on appeal are established by the evidence in the record of the trial and of the hearing on the appellant’s motion for new trial.
We have considered the above points on appeal, the entire record of this appeal, and the decisional law bearing on those points, and have reached the conclusion that matters set forth in those points constitute errors on the authority of the cases cited above as being relied upon by *53 the appellant; and those errors may be the basis for our awarding a new trial, if prejudice resulted to the appellant from those errors.
In its final analysis, the fundamental question before us is whether the appellant was accorded his constitutional right to a fair trial. In such an inquiry we must examine the entire record in order to determine whether he has had a fair trial, as the Supreme Court of Florida pointed out in Cash v. Culver, 122 So.2d 179 (1960):
“We are not here charged with passing upon the guilt or innocence of the petitioner. Our sole responsibility is to determine whether he is being lawfully or unlawfully restrained of his liberty. He might be one of the State’s most vicious burglars. Indeed, apparently, his family has contributed some who could be so classified. Nevertheless, under our system, before one can be deprived of his liberty in a criminal proceeding he is entitled to a trial according to due course of law. Anything less is totally ineffective as a basis for detention. We are thoroughly convinced after a detailed consideration of this entire record, that this petitioner was not so convicted.”
In the more recent case of Adams v. State, 192 So.2d 762 (1966), our Supreme Court again recognized that in a case of this kind the appellate court is concerned with determining whether the appellant has received a fair trial, saying:
“We are not unmindful of the abominable nature of the offense of which Appellant was convicted below — but neither should we be unmindful of, or shut our eyes to violations of constitutional concepts of due process, the benefits of which cloak every person in our courts of law. It is the duty of this Court to make a determination as to whether the Appellant received what may be considered a fair trial. In view of the circumstances related hereafter we find that this question must be answered in the negative.”
Applying these principles to the case at bar, we do not believe it can be truly said that the appellant has received a fair trial in accordance with the precepts of due process of law, and that the errors described in the appellant’s three points on appeal were — in the light of the entire record in this cause — prejudicial to the appellant. He is, therefore, entitled to a new trial.
In fairness to the trial judge, who is one of the ablest in out district, we point out the obvious fact that most of the events referred to in the points on appeal, were beyond his control, or even his knowledge. However, we feel that he should have granted the appellant’s motion for a new trial when all the facts were before him.
The judgment appealed from is reversed and the cause is remanded for a new trial.
Reversed and remanded for a new trial.
RAWLS, C. J., and WIGGINTON, J., concur.