LILES, Chief Judge.
. Defendant appeals from a judgment finding him guilty of breaking and entering a building other than a dwelling with intent to commit a misdemeanor.
Defendant was tried before a jury that returned a verdict of guilty of the crime alleged. The most important testimony of the case was presented by an employee of a gas station which is located directly behind the restaurant which was broken into. The gas station attendant testified that at approximately 3:00 a. m. of the morning in question a white 1963 Dodge automobile with several occupants drove into his service station. He testified that defendant was the driver of this automobile and that he had inquired of the attendant when the mechanic would be on duty and be able to install a gasket that he, defendant, had inquired about the day before. The witness positively identified the driver of the car as the defendant.
At approximately 4:00 a. m., an hour later, the attendant heard the sound of breaking glass from the restaurant and he stepped over to the side of the gas station in order to see what had happened. He witnessed a 1963 white Dodge (at this point the witness called the car a Plymouth but later positively stated that the car was the same as that which defendant had earlier been driving) pull away from the restaurant with its lights off. In other words, the car defendant was driving left the scene just following the time at which glass was broken.
The attendant further testified that this automobile drove back and forth several times on the road adjacent to the restaurant during the period of time that elapsed between the time the car left and the time it subsequently returned to the restaurant again with its lights off. By this time it was nearly S :00 a. m. and the attendant, having grown suspicious, called the Sheriff’s Department. A deputy arrived at the scene almost immediately.
*463 The deputy testified that as he approached the car in question, he observed defendant in the car along with two other men. When the defendant failed to produce a driver’s license the deputy and defendant stepped over to the police cruiser. While near the cruiser the police officer received a call on the car radio that two men were seen fleeing the area on foot. Upon returning to defendant’s car, it was discovered that two other occupants had fled. It turned out that the call about the fleeing men had been placed by the gas station attendant after the deputy arrived. The deputy then searched defendant and found a pair of cloth gloves belonging to defendant.
An expert from the Sheriff’s Department testified that no fingerprints were found on the restaurant premises but that cloth impressions were in evidence. He testified that defendant’s gloves could have caused these impressions.
The defendant testified and denied this complicity in the breaking. He stated that after waiting near the restaurant for about an hour he and the others drove to a nearby restaurant. Upon returning approximately one hour later he said that he accidentally drove past the gas station once because he had failed to see it, and finally returned to continue waiting until later that morning when the mechanic was to have come on duty. Defendant also testified that he and his friends had rented a motel room for the night, but did not explain why they chose to stay at the gas station all night to wait for a mechanic instead of in their room.
The jury apparently resolved the conflict in testimony in favor of believing the gas station attendant as to the number of times defendant drove back and forth in front of the station.
On appeal defendant argues that since there was no direct evidence that he was involved in the breaking and entering of the restaurant he is entitled to a reversal of his conviction because the circumstantial evidence in the case is not entirely inconsistent with any theory compatible with defendant’s innocence. See Pacetti v. State, Fla.App.1963, 157 So.2d 445; Guarino v. State, Fla.App.1961, 133 So.2d 596. On the contrary, the fact defendant, after leaving the restaurant, periodically drove back and forth in front of the scene of the crime several times, and subsequently returned to the scene after no law enforcement officer appeared to investigate the sound of the breaking, having both left .the restaurant and returned to it with his lights off, is inconsistent with defendant’s theory of innocence. This, coupled with the conflict in testimony between the attendant and defendant, clearly indicates that when the jury chose to believe the attendant instead of defendant they properly decided that there was sufficient circumstantial evidence to find defendant guilty of the crime charged.
We have studied the other points on appeal and have determined that they are without merit.
Affirmed.
PIERCE and MANN, JJ., concur.