HOBSON, Judge.
Appellant appeals a judgment and sentence of life imprisonment entered upon a finding of guilty of the offense of robbery. His defense at trial was that he was legally insane at the time he performed the act charged.
Appellant urges that the trial court erred in denying his motion for mistrial or, in the alternative, in refusing to instruct the jury to disregard certain improper remarks made by the prosecutor in closing argument.
During defense counsel’s final argument to the jury he said:
“But that isn’t what we are asking you to say because not guilty by reason of insanity is not the same as not guilty. It isn’t the same. This man isn’t going to be put out on that street if you find him not guilty by reason of insanity. His disposition will be up to the Judge and I have no qualms about whatever disposition the Judge decides. It will be just.
“But I don’t want you to think for a moment if you find him not guilty by reason of insanity you give him the key to the street, because that isn’t the case, and it won’t happen.”
In his closing argument, the prosecuting attorney stated to the jury:
“You have got a man painted, by his own people, as dangerous, and he will do *415 it again, and then, for them to tell you go ahead and find him not guilty by reason of insanity, not guilty by reason of insanity, because that is not going to put him on the street, you know as well as I know, people of everyday human experience and good common sense, that if you find him not guilty by reason of insanity, he will be on the street in thirty, sixty or ninety days, because there is no possibility of keeping him longer than that." (emphasis added)
Defense counsel objected to this remark, requested the court to instruct the jury to disregard it, and moved for a mistrial. The trial court overruled the objection and denied the motion for a mistrial.
The first part of the prosecutor’s argument, relating to the defendant being put out on the street if found not guilty by reason of insanity, was a fair comment in reply to statements made by defense counsel, and was therefore proper, Ricks v. State, Fla.App.1971, 242 So.2d 763; Sadler v. State, Fla.App.1969, 222 So.2d 797; Reyes v. State, 1905, 49 Fla. 17, 38 So. 257. But the last phrase, “because there is no possibility of keeping him longer than that,” incorrectly stated the law and was, therefore, not a fair comment or a justified reply. The trial court should have corrected such highly prejudicial remarks of the prosecuting attorney, Wright v. State, 1920, 79 Fla. 831, 84 So. 919; Pait v. State, Fla.1959, 112 So.2d 380, whether or not they were made in retaliation or provoked by remarks of opposing counsel.
The matter may have been critical in the minds of the jurors, and contributed to their finding of guilty as charged. Unless the appellate court can determine from the record that the offensive remark did not prejudice the appellant, the judgment must be reversed. Pait v. State, supra; Chavez v. State, Fla.App.1968, 215 So.2d 750; Thompson v. State, Fla.App.1970, 235 So.2d 354.
In view of our holding, it is unnecessary to consider appellant’s remaining point on appeal.
The judgment is reversed and the cause remanded for a new trial.
Reversed and remanded.
MANN, C. J., and LILES, J., concur.