364 So.2d 1238 (1977)
James Clifton ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. EE-340.
District Court of Appeal of Florida, First District.
December 2, 1977.
Rehearing Denied December 29, 1978.
Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
McCORD, Chief Judge.
Appellant was convicted of burglary and appeals the judgment and sentence. Among other things, he contends that the trial court erred in giving Standard Jury Instruction 2.21, the jury deadlock charge, when there was no indication that the jury was deadlocked. This occurred when the jury, after having retired to consider the verdict, returned to the courtroom with a question and, without indication from the jury that they were deadlocked, the court gave the deadlock instruction. No objection was made by appellant. While we consider that the giving of the instruction in the absence of a deadlocked jury was error, such was not fundamental error, and the failure to object waived any objection appellant might have had to the instruction.
Appellant in addition contends that fundamental error occurred when the trial court denied appellant's motion for a mistrial when a state witness commented on *1239 appellant's right to remain silent upon his interrogation at the time of arrest. We disagree. Prior to trial, appellant gave written notice of intent to claim alibi and at trial, he testified that he was in Marianna shopping with his wife and sister-in-law at the time witnesses allegedly identified him at the E-Z Pawn Shop in Panama City where he allegedly pawned three guns which had been stolen from a mobile home two days previously. Witnesses testified that he produced his driver's license for identification at the pawn shop. Appellant testified that upon his return from Marianna, he found that his house had been burglarized. He further testified that he had mislaid his wallet and driver's license about a week previously. He was asked on cross-examination by the state if he ever told the arresting officer that he was in Marianna with his wife and sister-in-law shopping, and he responded that he did not remember making a statement to the arresting officer that day. He was then asked:
"Q. Have you ever told anybody prior to today in this courtroom or your lawyer you were in Marianna shopping with your wife and sister-in-law?
A. No one except my lawyer.
Q. Your lawyer is the only person you told that?
A. Yes, I reckon he is.
Q. When did you first tell him that?
A. The first time I had an appointment with my lawyer."
No objection was made to the foregoing questions and answers on cross-examination of appellant. Thereafter, the arresting officer testified on direct examination by the state that upon arrest he advised appellant of his rights and then asked him several questions about his driver's license which appellant answered. The officer was then asked:
"Q. Did he in your dealings or conversations with him, did he ever indicate to you that he was in Marianna, Florida, at the date and time this alleged burglary occurred?
A. Not that I recall."
Appellant's counsel then objected and moved for a mistrial. The motion was denied, but the court told the assistant state attorney that he had gone far enough and no further questions were asked along this line.
Appellant having not objected to the above questions asked him on cross-examination and having freely answered them, such did not constitute reversible error. See Clark v. State, 336 So.2d 468 (Fla. 2 DCA 1976), presently pending on certiorari in the Supreme Court, and Gillian v. State, Fla.App., 364 So.2d 729 (1977) (presently pending on petition for rehearing and being held in abeyance pending the ruling of the Supreme Court in Clark). The subsequent question and answer of the arresting officer which was objected to after the answer had been given merely corroborated appellant's previous testimony given without objection. We, therefore, do not find the court's denial of the motion for mistrial to be reversible error.
We have considered the other questions raised by appellant and find them to be without merit.
Affirmed.
BOYER and MILLS, JJ., concur.