COBB, Judge.
This is an appeal from a robbery conviction. Appellant raises two questions for our consideration. The first concerns the propriety of the court giving an Allen charge,[1] sometimes called the “dynamite” charge. In this case, the charge was read to the jury once, and then only after the trial court had been advised by the jury that it could not reach a verdict after approximately two hours of deliberation. The standard jury instruction, as read by the trial court, has been characterized by the Florida Supreme Court as fair and unbiased. The trial judge did not make any additional comments or statements implying that the jury must reach a verdict, as was the case in Kozakoff v. State, 323 So.2d 28 (Fla. 4th DCA 1975). Neither did this case involve a very late hour and misleading statements by the trial court as to the possibility of overnight group lodging for both male and female jurors, the situation that occurred in Lee v. State, 239 So.2d 136 (Fla. 1st DCA 1970). Accordingly, we find the first point raised by appellant to be without merit.
The second point raised by appellant is that the trial court erred in refusing to instruct the jury on the law of circumstantial evidence as requested, since substantial evidence to prove his identity as the robber was circumstantial. Appellant’s objection to the trial court’s refusal was timely.
The case against the appellant consisted of both direct evidence (eyewitness testimony) and circumstantial evidence. There were three eyewitnesses to the robbery: a druggist who picked someone other than appellant at a lineup, another pharmacy employee who identified appellant at trial, and a customer who could not identify appellant. Since the robber was apparently a man dressed in a woman’s clothes and wig, the hesitancy of the witnesses is understandable. The only other evidence as to the identity of the appellant is circumstantial. His girlfriend testified that on the day and approximately at the time of the robbery the appellant left with a woman’s blonde wig and carrying a white handbag, and later returned with drugs she said were quaaludes, demerol, percocets, seconals, and percodan. The pharmacy employee testified a man wearing a woman’s blonde wig and carrying a white handbag and long white sweater robbed him of “Quaalude, *1016 Demerol, Seconal, Percocet, and that’s all I recall.” A patron of the drugstore testified a man wearing a woman’s blonde wig and a long white sweater and carrying a purse was the one who robbed the store, but she could not identify the culprit.
In the case of Boyd v. State, 122 So.2d 632 (Fla. 1st DCA 1960), Judge Sturgis, writing for the majority, set forth the applicable rule in regard to the circumstantial evidence instruction, in a concise and unequivocal statement:
It is only when the prosecution relies solely on circumstantial evidence and when the nature of the circumstantial evidence is such that an inference affecting guilt is necessary to be drawn from collateral facts which have a natural or generally recognized relation to such inference that the court is compelled to instruct the jury upon the law governing circumstantial evidence in prosecutions for crime. Jackson v. State, Fla.App. 107 So.2d 247. [Emphasis added].
Id. at 634.
Subsequently, in State v. Anderson, 270 So.2d 353, 357 (Fla.1972), the Florida Supreme Court, in a unanimous opinion authored by Justice Adkins, adopted this statement of the rule verbatim. The case of Newsome v. State, 355 So.2d 483 (Fla. 2d DCA 1978), improperly revised the rule enunciated by the Florida Supreme Court, changing the word solely to substantially. The Second District was without authority to do this. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
The Newsome opinion relied on two Florida Supreme Court cases: Leavine v. State, 109 Fla. 447, 147 So. 897 (1933); and McCall v. State, 116 Fla. 179, 156 So. 325 (1934). The latter case does not support Newsome in this respect, because the only evidence of guilt in McCall was circumstantial. Leavine, on the other hand, does lend support to the Newsome rationale because in that case the evidence was “almost entirely circumstantial.” Leavine, 147 So. at 905. Both Leavine and McCall, however, pre-date Anderson and, to the extent of any conflict, are overruled by the more recent case.
In the instant case, as clearly indicated by the facts set forth above, the state did not rely solely upon circumstantial evidence: it presented an eyewitness identification. Since the trial court was not compelled to give the circumstantial evidence instruction, the court’s refusal to do so was not error in accordance with the most recent holding on this point by the Florida Supreme Court in Anderson. Accordingly, the judgment of conviction is affirmed.
For the reason that the Florida Supreme Court in Anderson did not expressly recede from the rule set forth in the earlier cases of Leavine and McCall, and since our decision herein is in direct conflict with Newsome v. State, we certify that the question as to when the circumstantial evidence instruction must be given is one of great public importance and that our decision on this point is in direct conflict with another district court of appeal pursuant to Florida Rules of Appellate Procedure 9.030(a)(2(A))(v) and (vi).
AFFIRMED.
FRANK D. UPCHURCH, J., concurs.
DAUKSCH, C. J., dissents with opinion.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896):
It is your duty to agree on a verdict if you can do so without violating conscientiously held convictions that are based on the evidence or lack of evidence. No juror, from mere pride or opinion hastily formed or expressed, should refuse to agree. Yet, no jur- or, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his or her own conscientiously held view of the evidence. You should listen to each other’s views, talk over your differences of opinion in a spirit of fairness and candor and, if possible, resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.
You may return to the jury room for further deliberations.
Fla.Std.Jury Instr. (Crim.) 2.21.