427 So.2d 1096 (1983)
Miguel TEJEDA-BERMUDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1410.
District Court of Appeal of Florida, Third District.
March 15, 1983.
*1097 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and John F. Robenalt and Penny Hershoff Brill, Miami, Asst. Attys. Gen., for appellee.
Before BARKDULL and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
Defendant appeals his conviction for sexual battery, armed robbery, and armed burglary. The sexual assault took place during the robbery and burglary of the victim's home on November 17, 1980. The victim described the assailant as a Latin male, between forty and forty-five years of age, short and thin, with dark curly hair. A police canvass of the area that same night revealed no suspects.
Approximately two weeks after the incident, while driving home with her husband, the victim observed the defendant standing under a street light several blocks from her home. She and her husband drove to the North Miami police station where she informed officers that she had seen her assailant. Officers were summoned to the scene, and defendant was taken into custody. While in custody, he consented to being photographed and fingerprinted. The victim was shown a photographic line-up from which defendant was positively identified.
Among items taken from the victim's house was a gold Edox wristwatch  a brand name popular in Cuba in the 1960's  which had been in the victim's family for a long time. She described it as having a gold face, gold outer rim, and black band. Defendant's former employer and another acquaintance testified that they had seen defendant wearing an Edox watch for the first time near the "end of November". The employer described it with particularity, as having a "gold ring" with a "black plastic strap". The employer testified that defendant told him, "a friend of his gave it to him". Defendant testified that he had purchased the watch at a flea market for five dollars ($5.00) and subsequently threw it away because it didn't keep time.
Appellant raises two points as reversible error:
(1) denial of a motion for mistrial where the jury was deadlocked after six hours of deliberations, and in separating the jury for the weekend after it had reported the deadlock without the admonitions required by Section 918.06, Florida Statutes (1979).
(2) admitting into evidence the testimony of a serologist that his analysis of the blood types of the victim and defendant, and of the body fluids of the victim, were consistent with the assailant having been within 56% of the male population.
A motion to declare a mistrial is addressed to the sound discretion of the trial court, Salvatore v. State, 366 So.2d 745 (Fla. 1978), abuse of which is not shown on this record. The fact that the jury was instructed to continue after six hours of deliberations, and after they had reported a deadlock, was not coercive. State v. Bryan, *1098 290 So.2d 482 (Fla. 1974); Miller v. State, 403 So.2d 1014 (Fla. 5th DCA 1981). Moreover, defendant's failure to object to the modified "Allen charge" constitutes a waiver for purposes of appeal. Armstrong v. State, 364 So.2d 1238 (Fla. 1st DCA 1977).
All of the admonitions required to be given the jury pursuant to Section 918.06, Florida Statutes (1979), were given at the commencement of the trial. Neither was there a request, nor is there a statutory requirement, that the jury be readmonished before separating for a weekend, even though it may be a better practice.
There is no per se rule in Florida, which excludes as evidence in a criminal proceeding, scientific blood analysis; to the contrary, such evidence is admissible where material and relevant. Bowden v. State, 137 So.2d 621 (Fla. 2d DCA 1962). On this record, we think it unnecessary to decide whether that evidence was relevant or prejudicial in light of the otherwise conclusive evidence as to the defendant's guilt. If there was error in admitting the blood-typing evidence, it was harmless. Brown v. State, 389 So.2d 269 (Fla. 1st DCA 1980); Jones v. State, 343 So.2d 921 (Fla. 3d DCA 1977).
Affirmed.