TORPY, J.,
concurring and concurring specially.
I agree that this is not a “wholly” circumstantial case. This is a case where one element of the crime was proven circumstantially. Thus, because part of the evidence was direct, the “rational trier of fact” standard applies. Twilegar v. State, 42 So.3d 177, 188 (Fla.2010) (stating that rational trier of fact standard applies where evidence is wholly or partially direct). The anomalous effect of a reversal here would be tantamount to a judicial acceptance of Appellant’s impeached testimony, as a matter of law, even though the jury rejected it as a matter of fact. I have not uncovered any expression of a valid policy reason for distinguishing this case from any other criminal case. A more rigorous standard of review when circumstantial evidence is used provides no greater assurance against an unjust conviction. Juries rely upon direct evidence, circumstantial evidence, and reasonable inferences from both types of evidence in resolving disputed issues of fact. The category of evidence (whether direct or circumstantial) used to support a criminal conviction has no correlation to the reliability of that evidence. An eyewitness’s identification, for example, although direct evidence, might be far less reliable than a strong piece of circumstantial evidence. The sufficiency of the verdict should be based on the probative force of the evidence, not its legal category.
I have always been perplexed that an appellate “standard of review” evolved from a repudiated jury instruction. It seems to have crept back into our jurisprudence through the back door. The standard itself is not clearly delineated. For example, some courts articulate that the state must “exclude every reasonable hypothesis of innocence” in a circumstantial case. E.g., Jackson v. State, 818 So.2d 539, 541 (Fla. 2d DCA 2002) (citing McCullough v. State, 541 So.2d 720, 721 (Fla. 4th DCA 1989)). Others say that the state must offer evidence that is merely “inconsistent” with the hypothesis of innocence. E.g., Davis v. State, 90 So.2d 629, 631 (Fla.1956); Head v. State, 62 So.2d 41, 42 (Fla.1952). In State v. Law, 559 So.2d 187, 188-89 (Fla.1989), our high court seemed to use the phrases interchangeably. I don’t think these phrases are synonymous. The former connotes to me that the state must affirmatively eliminate all inferences, except that of guilt. This is a near impossible burden, especially if it applies in cases like this where direct evidence is rarely available to prove an essential element. The latter seems to require only that the state’s proof contradict the defense theory. If this is the intended interpretation of the special standard, I am not certain how that differs from the direct evidence standard.
In any event, when I study the decisions that have reversed convictions by application of the so-called special standard, I think the courts could have, and for the most part would have, reached the same results using the rational trier of fact standard. In other words, this is mostly a semantic distinction. In some circumstances, however, the application of the so-called special standard either compels or, through misapplication, contributes to an incorrect result. And, as convincingly explained in the majority opinion, the special standard truly is “confusing and incor *470 rect.” Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954). For these reasons, I endorse the majority opinion’s call for the adoption of a single standard of review in both circumstantial and direct evidence cases. If the circumstantial evidence instruction is subsumed in the reasonable doubt instruction for trial purposes, then the rational trier of fact standard is an appropriate construct through which to review the sufficiency of the evidence in both types of cases.