PIERCE, Judge.
This is an appeal by appellant Edgar Dixon, defendant in the Court below, from a conviction by jury verdict of the offense commonly known as handling and fondling, involving one Brenda Sutton, a nine year old girl.
At the opening of the trial, the trial Judge announced that—
“ * * * because of the nature of this trial, the courtroom will be cleared of spectators. Ordinarily we say that you-can remain if you desire, but in this instance that is not the case.”
So far as the record shows, no motion or request was made by either side for closing, the trial to all spectators. By the same token, there was no objection to such action after it was taken.
From the evidence, it appears that Brenda, the nine year old child, lived across the street in St. Petersburg from where lived the defendant, Edgar Dixon, who is a blind man. Brenda testified that she was across the street playing when defendant called her and she came and went around to the back of his house through the back door and into his room, where the alleged offense took place. This was on August 24th, 1965. Preliminary hearing was held in the case before a Justice of the Peace on September 2nd, 1965. The trial was on November 2nd, 1965. Brenda was asked at the trial what time on August 24th the incident took place and she replied on three different and separate occasions, “two o’clock”. She admitted, however,, that at the preliminary hearing before Judge Carr, she had testified it took place “between 7:30 and nine o’clock at night”.. *96 No reason or excuse for the discrepancy was offered. When the difference in time first came to light during the trial, defense counsel asked for a “continuance” •stating that defendant had an alibi for 2 o’clock but not for “seven or nine” at night. The Court did not specifically deny the motion but rather took it “under advisement” and suggested to defense counsel that efforts be made to get the alibi witness or witnesses to Court. The matter was not raised or otherwise brought to the attention of the Court again until motion for new trial was being argued, at which time defense counsel mentioned having an affidavit from the landlady where the defendant resided, indicating that Brenda was not there between 1:55 P.M. and 6:55 P.M. on the afternoon in question, but such affidavit was apparently not filed and is not ■a part of the record here.
At the beginning of argument on the motion for new trial, defense counsel (the Assistant Public Defender) asked that the ■Court permit the “participation” in arguing the motion of two named persons, presumably Stetson University law students, •under Criminal Procedure Rule No. 2, F.S.A. ch. 924 Appendix. The Court declined. Defense counsel, who had handled the case throughout the trial, thereupon ■argued the motion.
During the trial the State brought on as a rebuttal witness another nine year old girl, Donna Elaine Gaskin. Donna, over repeated objections and motions to strike, was permitted to testify that on one occasion she was in the defendant’s house and saw Brenda and the defendant in a room, with the defendant conducting himself improperly toward Brenda (although in a manner much less objectionable than what Brenda had testified about).
The foregoing occurrences, raising four questions, were argued at the bar of this Court. The four questions are — (1) the ■closing of the trial to spectators, (2) failure of the Court to grant a continuance so that ■defendant could obtain the missing witness to rebut the testimony of Brenda fixing two o’clock P.M. as the time the act was committed, (3) the Court declining to permit the Stetson students to argue the motion for new trial, and (4) the Court permitting Donna’s testimony to go to the jury.
Two of these matters, the trial closure to spectators and the continuance, may be summarily disposed of. There was no objection made during the trial to the Court’s ruling as to either of these matters, nor were they mentioned in the motion for new trial or in the assignments of error. They are therefore not open here for consideration.
As to the law students, there was no error in declining to permit their participation in arguing the motion for new trial. There is no showing in the record that they participated in any way during the entire trial of the case Trial counsel who had represented defendant throughout the trial was present at the hearing up on motion for new trial and argued the same ably and with distinction, as appears from the Court Reporter’s verbatim record of such argument filed here.
Criminal Procedure Rule No. 2, approved and adopted by the Supreme Court of Florida in a per curiam order filed October 1, 1964, reads in part as follows:
“Any senior law student in an accredited law school in Florida that operates and maintains a faculty-supervised legal aid program may, with the written approval of the Supreme Court of Florida, appear in any municipal or trial court on behalf of any insolvent person accused of crime; provided, however, that the conduct of the case is under the immediate and personal supervision of a public defender, assistant public defender or special assistant public defender appointed or elected in accordance with law.”
Rule No. 2 continues, laying down certain stringent rules relative to the selection, *97 approval, and certification of such students, providing that they would be authorized to appear in Court only under the immediate supervision of the public defender or his assistants on behalf of insolvent persons accused of crime, and could render no professional counsel or advice whatsoever except in the presence of the public defender or one of his assistants.
From the record before this Court, it appears that the two students here involved satisfactorily met all of the requirements imposed under Rule No. 2, and that it was within the trial Court’s discretion to have heard their argument on the new trial motion; but the trial Court, in an abundance of caution, decided not to permit it. The trial Judge was undoubtedly actuated by most worthy motives, namely, to accord the indigent defendant the best possible legal representation afforded to him, and at the same time avoid the unnecessary risk of being confronted later with a petition under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, based upon the contention that the defendant did not have adequate counsel in presenting his case to the Court. We will certainly not hold the trial Court in error for its action. As a matter of fact, on a motion for new trial the trial Court has discretion ex mero motu to dispense with argument entirely on such a motion.
The remaining question presented to this Court, however, raises a serious error necessitating reversal of the judgment. The trial Court should not have permitted the testimony of Donna Gaskin. In the first place, Donna was not a proper rebuttal witness and her testimony, if it were permissible at all, should have been adduced only as a part of the State’s case in chief. But aside from this, which alone might not have been reversible, although erroneous, her testimony on the face of it should not have been permitted to go to the jury for the reason that there was no affirmative connection between the incident testified about by Donna and the incident relied upon by the State in and by Brenda’s testimony. Donna was brought in as a corroborating witness and her testimony must of necessity have related to the same identical incident as related by Brenda. The failure of the State to so connect it brings Donna’s testimony directly within the prohibitory ban laid down in the case of Green v. State, Fla.App., 190 So.2d 42, opinion filed September 7, 1966, and the cases therein cited.
In the Green case, defendant Green was convicted upon an information charging robbery of a specific Seven-Eleven Food Store at a specific time and place and this Court reversed the conviction because of error in admitting testimony against Green at the trial—
“ * * * with reference to the robbery of a Seven-Eleven Food Store, not otherwise identified as being the store or the robbery involved in the case on trial, [which] was not relevant to prove any fact or facts in issue before the jury, and its sole purpose and effect could only have been to show the bad character of the defendant when he had not put his character into evidence, and his propensity for committing the robbery in question.”
The evidence of Donna at the instant trial was inadmissible under the holding in Green, aforesaid, and also under the authority of the leading Florida case on the subject, Williams v. State, Fla. 1959, 110 So.2d 654, which was analyzed and relied upon in Green.
The judgment appealed from is therefore reversed and the cause remanded for a new trial.
Reversed and remanded.
ALLEN, C. J., and WILLIS, ROBERT E., Associate Judge, concur.