FRANK, Acting Chief Judge.
Theodore Bass appeals from his conviction for first degree murder. Because the deadlocked jury was inappropriately instructed, we reverse.
During its deliberations the jury sent the judge a note stating it was split 5 to 7, “with little chance of minds being changed.” The jury was brought into the courtroom so the judge could respond to this note and one other he had received. The court gave the jury an Allen charge.[1] Such charge is codified in Florida Standard Jury Instruction (Criminal) 3.06. An Allen charge is designed to cause deadlocked juries to attempt to reconcile their differences and to arrive at a unanimous verdict. In this case, however, the judge modified the charge and expanded its prescribed bounds by urging the jurors to consider the expense that a new trial would involve. At his first opportunity, the defense attorney objected to the instruction, and specifically to the court's “telling them that it’s expensive to try.”
The use of an Allen charge has been specifically approved in Florida at least since the 1974 case of State v. Bryan, 290 So.2d 482 (Fla.1974). A deviation from the standard instruction can constitute reversible error, however, where the words tend to coerce the jury into believing that it *612 must reach a verdict. Warren v. State, 498 So.2d 472 (Fla. 3d DCA 1986). As in Warren, in certain circumstances the error may be fundamental when the court insists that it desires a verdict and emphasizes “the needless cost involved in retrying the case in the event of a hung jury — both of which are strictly forbidden comments in an ‘Allen’ charge under Florida law.” 498 So.2d at 477-78. Although our court has found less egregious remarks not to be fundamental error, McElrath v. State, 516 So.2d 276 (Fla. 2d DCA 1987), in this case, as we have noted, the defense attorney specifically objected.
Bass has raised two other issues on appeal, neither of which has merit. In particular we hold that there was no error in the admission of the in-court identification of the defendant by witness Mary Brannen.
Accordingly, we reverse and remand this matter for a new trial.
PATTERSON and BLUE, JJ., concur.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).