717 So.2d 561 (1998)
Jim Alger GOODWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00110.
District Court of Appeal of Florida, Second District.
July 24, 1998.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Jim Alger Goodwin appeals the judgment adjudicating him guilty of aggravated battery after a jury trial. Of the two issues raised by Goodwin, we agree that the trial court committed reversible error by failing to give a proper jury instruction to a deadlocked jury.
Shortly after the jury retired to deliberate this case, the jurors reached an impasse. *562 impasse.[1] The jury foreman sent a note to the trial judge informing him of the deadlock. Thereafter, the judge made the following statement outside the presence of the jury:
THE COURT: Mr. Goodwin is present with counsel. State is present. All court personnel are present. The Court has received the following note from the jury: "Jury at this time is deadlocked 4  2. C. Nathan, foreperson."

There are three options: One, declare a mistrial; two, send the note to the jury to please continue with their deliberations, and three, have the jury return to the courtroom and read them Standard Jury Instruction 3.06, dealing with deadlock.
The trial court sought input from the State and the defense. The State requested that the jury be told to continue with their deliberations. The defense requested that the jury be told to continue, if they can, with deliberations. The defense's position was that the wording of the State's proposal might force a juror to compromise his or her position simply for the sake of reaching a verdict. The trial court overruled the defense's request, noted the objection, and sent a note to the jury to "please continue with your deliberations." Thereafter, the jury reached a verdict finding Goodwin guilty of aggravated battery.
The trial court's failure to inform the jurors, in this case, that it was legally permissible for them to disagree, as mandated by Florida Standard Jury Instruction (Crim.) 3.06,[2] raises the very real possibility that the jurors believed that they were required to reach a verdict even if that meant compromising their positions. It is reversible error to deviate from the standard jury charge and give improper admonitions which make it clear that the jury must reach a verdict. See Bass v. State, 611 So.2d 611, 612 (Fla. 2d DCA 1993); Dixon v. State, 603 So.2d 86, 88 (Fla. 5th DCA 1992); Warren v. State, 498 So.2d 472, 476 (Fla. 3d DCA 1986).
Accordingly, because defense counsel properly objected to the wording of the modified jury charge, we are compelled to reverse and remand for a new trial. There were only two options for the trial court when confronted with a jury note indicating a deadlock in deliberations: (1) provide the standard instruction, or (2) declare a mistrial. If the trial court chooses to provide Florida Standard Jury Instruction (Crim.) 3.06, the preferred method is to bring the jury back into the courtroom so that the trial judge may read the standard instruction to them.
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.
NOTES
[1] The impasse occurred one hour and twenty minutes into the deliberations.
[2] Florida Standard Jury Instruction (Crim.) 3.06, JURY DEADLOCK, provides:

I know that all of you have worked hard to try to find a verdict in this case. It apparently has been impossible for you so far. Sometimes an early vote before discussion can make it hard to reach an agreement about the case later. The vote, not the discussion, might make it hard to see all sides of the case.
We are all aware that it is legally permissible for a jury to disagree. There are two things a jury can lawfully do: agree on a verdict or disagree on what the facts of the case may truly be.
There is nothing to disagree about on the law. The law is as I told you. If you have any disagreements about the law, I should clear them for you now. That should be my problem, not yours.
If you disagree over what you believe the evidence showed, then only you can resolve that conflict, if it is to be resolved.
I have only one request of you. By law, I cannot demand this of you, but I want you to go back into the jury room. Then, taking turns, tell each of the other jurors about any weakness of your own position. You should not interrupt each other or comment on each other's views until each of you has had a chance to talk. After you have done that, if you simply cannot reach a verdict, then return to the courtroom and I will declare this case mistried, and will discharged you with my sincere appreciation of your services.
You may now retire to continue with your deliberations.