763 So.2d 1169 (2000)
Reginald MINOR, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2369.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1170 Philip J. Massa of Philip J. Massa, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
In this appeal, the appellant makes three claims of error. First, he contends that the trial court erred in using a dual jury procedure to try both him and his co-defendant, instead of completely severing the trials. Second, he claims that he was prejudiced when the court allowed the prosecutor to ask hypothetical questions of the jury venire which were designed to obtain a tacit commitment from the jurors. Finally, he contends that the court erred in sentencing him as a Prison Releasee Reoffender. We affirm on all points.
Appellant was charged with and convicted of two counts of sexual battery with a firearm, kidnapping with a firearm, and robbery with a firearm. The charges arose from an incident in which he and a co-defendant abducted the victim from a garage at gunpoint, drove her away in her vehicle, took money from her purse, and demanded that she give them her ATM PIN number, which they used at a bank to withdraw money from her account. While the co-defendant was obtaining the money from the cash machine, appellant sexually assaulted the victim. At another bank, where more money was withdrawn, the co-defendant sexually assaulted the victim. They finally released her in a park.
The police investigated the crime. The victim was able to make a probable identification of both appellant and his co-defendant in two photo lineups. Appellant's fingerprints were found on the victim's car, and appellant confessed to the police his presence and involvement in the crimes.
Prior to trial, appellant moved to sever his trial from that of the co-defendant, contending that his co-defendant had implicated him and that their defenses were antagonistic. Instead of granting a severance, the trial court determined that a dual jury procedure would be used. In the instant case, two juries were picked, one to try the appellant's case and one to try the co-defendant's case. Evidence and testimony common to both were admitted in a joint proceeding, but where evidence or testimony was not common to both, particularly the defendants' post-arrest statements to the police, such evidence was offered outside the presence of the jury considering the case of the other defendant. The appellant now contends that this was error because of the antagonistic defenses of the two defendants. Appellant's theory of defense was to challenge the strength of the evidence presented by the state as to his identification, while his co-defendant's theory was to minimize his own involvement in the crime and place more blame on the appellant.
The procedural conduct of trials is within the trial court's broad discretion, and using a dual jury procedure is part of that discretion. See generally Feeney v. State, 359 So.2d 569, 570 (Fla. 1st DCA 1978). We find no abuse of discretion in using that procedure in this case. While appellant argues that it was error because of the antagonistic defenses, he fails to point to any place in the record where he objected to evidence or testimony that was heard by his jury as a result of the dual jury process which he now claims should not have been admitted in his case. Moreover, he suffered no prejudice from the dual jury as to his misidentification defense since: (1) he confessed to the crime; (2) his fingerprints were found on the victim's *1171 car and papers found in her purse; and (3) the victim identified him as one of her assailants.
With respect to appellant's argument that the trial court erred in overruling his objections to questions posed to the jury venire, the issue is not preserved for appeal. Appellant provided only general objections which, for the most part, did not give the trial court the opportunity to address the complaint he now makes on appeal, that the prosecutor was "preconditionioning the jury." See Tolbert v. State, 679 So.2d 816, 818 (Fla. 4th DCA 1996) (citing Tillman v. State, 471 So.2d 32 (Fla. 1985))("in order to preserve an issue for appellate review, the specific legal ground or argument relied upon for appeal must have been presented to the trial court"); see also § 924.051(1)(b), Fla. Stat. (1997). As to those questions where a specific objection was made regarding preconditioning, the trial court had discretion in determining the latitude given to the parties in examining prospective jurors. See Peri v. State, 426 So.2d 1021, 1025 (Fla. 3d DCA 1983). While appellant complains that some questions were hypothetical, even hypothetical questions may be permissible, depending upon the issue being addressed. See Lavado v. State, 492 So.2d 1322, 1323 (Fla.1986). Although it would be error to include in a hypothetical question the very facts of the case against the accused to obtain at least a tacit commitment of the prospective juror to convict, see Saulsberry v. State, 398 So.2d 1017, 1018 (Fla. 5th DCA 1981), the questions asked in this case were not that type of hypothetical.
Finally, we reject appellant's interpretation of the Prison Releasee Reoffender Act. See § 775.082(9)(a)1., Fla. Stat. (1999). Appellant qualifies for sentencing under the Act because he committed a crime within three years of being released from prison. He does not have to be convicted of a crime within three years of release in order to qualify as a Prison Releasee Reoffender.
Affirmed.
STEVENSON and GROSS, JJ., concur.