860 So.2d 457 (2003)
Allen Thomas LUDA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2780.
District Court of Appeal of Florida, Fourth District.
October 15, 2003.
Rehearing Denied December 15, 2003.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for Appellee.
ROSENBERG, ROBERT A., Associate Judge.
Allen Thomas Luda appeals his conviction and sentence and the denial of his *458 Motion For New Trial. This Court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(1)(A) and 9.140(b)(1)(A). Luda was convicted of one count of sexual battery upon a child less than twelve by a person eighteen years old or older and three counts of indecent assault.
Luda raises four issues on appeal:
I. The trial court reversibly erred in clearing the courtroom when minor victims testified.
II. The trial court reversibly erred in denying appellant's motion to suppress his September 22 statements to police.
III. The trial court reversibly erred by allowing the State to elicit hearsay from an expert, in sexual abuse examination, which identified appellant as the perpetrator named by a minor victim and included her accusatory statements.
IV. The Florida Sexual Predators Act is unconstitutional.
This court is unpersuaded by appellant's contentions on issues I[1], II and III. On issue IV, this court has recently determined that the Florida Sexual Predators Act, section 775.21, Florida Statutes, is constitutional. See Reyes v. State, 854 So.2d 816 (Fla. 4th DCA 2003). Accordingly, we affirm the trial court.
STONE and POLEN, JJ., concur.
NOTES
[1] Since the right to a public trial is a constitutional right, courts have held that before a trial court orders closure, it must satisfy the four prerequisites enunciated in Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced. Second, the closure must be no broader than necessary to protect that interest. Third, the trial court must consider a reasonable alternative to closing the proceedings. And, fourth, the court must make findings adequate to support the closure. See Pritchett v. State, 566 So.2d 6, 7 (Fla. 2d DCA 1990). Compare Clements v. State, 742 So.2d 338 (Fla. 5th DCA 1999).

A defendant, however, can waive his right to a public trial by failing to object. See Evans v. State, 808 So.2d 92 (Fla.2001); see also Alvarez v. State, 827 So.2d 269 (Fla. 4th DCA 2002).
In the instant case, Luda's attorney generally objected to the closure. But, he did not request that Luda's family members be allowed to remain in the courtroom and did not draw the trial court's attention to the language of section 918.16, Florida Statutes (1998), that exempts the parties' immediate families from exclusion from the courtroom. An objection must be specific enough to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal. See Williams v. State, 414 So.2d 509, 511 (Fla.1982); see also Avila v. State, 781 So.2d 413, 415 (Fla. 4th DCA 2001) (holding that an issue is preserved for appeal if the attorney's articulated concern is sufficiently specific to inform the trial court of the alleged error); Minor v. State, 763 So.2d 1169, 1171 (Fla. 4th DCA 2000) (holding that appellant provided only general objections which, for the most part, did not give the trial court the opportunity to address the complaint he now makes on appeal).
In the matter before this court, the issue of closure was not specifically preserved for appellate review.