883 So.2d 369 (2004)
Edward C. JONES, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D04-815.
District Court of Appeal of Florida, Third District.
September 29, 2004.
Rehearing Denied November 10, 2004.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, and Annette M. Lizardo and Linda Katz, Assistant Attorneys General, for respondent.
Before SCHWARTZ, C.J., and COPE and FLETCHER., JJ.
COPE, J.
The main question before us is whether it is fundamental error for the trial court to order a partial closure of the courtroom under subsection 918.16(2), Florida Statutes (2000) during the testimony of the victim of a sex crime, without making findings under Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). We conclude that such a closure does not amount to fundamental error. A contemporaneous objection is required to preserve the issue for appellate review.

I.
Defendant-petitioner Edward Jones was found guilty of fifteen counts of lewd and lascivious acts on a minor, his stepdaughter, in violation of section 800.04, Florida Statutes (1997).[1] The case came to trial in October, 2000.
*370 Prior to trial the State moved for an order partially closing the courtroom during the testimony of the victim. The victim, who had been fifteen at the time of the charged offenses, was seventeen at the time of trial. At the time of the trial, subsection 918.16(2), Florida Statutes (2000) provided:
(2) When the victim of a sex offense is testifying concerning that offense in any civil or criminal trial, the court shall clear the courtroom of all persons upon the request of the victim, regardless of the victim's age or mental capacity, except that parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney may remain in the courtroom.
Id.[2]
In response to the State's motion, the following transpired:
THE COURT: Any objection to that?
[DEFENSE COUNSEL]: I'd like to see some legal authority.
THE COURT: The Court has authority. At this time that motion is granted.
Prior to the testimony of the victim, the court announced, "Ladies and gentlemen, only family members can remain in the courtroom. Everyone else is going to have to leave the courtroom at this time." The defense made no objection to this procedure. We assume for present purposes that one or more members of the audience left the courtroom, although the defense put nothing on the record in this respect.
The defendant was convicted and his convictions were affirmed on appeal. Jones v. State, 814 So.2d 1051 (Fla. 3d DCA 2002) (affirmance without opinion).
The defendant filed the instant petition alleging ineffective assistance of appellate counsel. In it he alleges that his appellate counsel was ineffective for failing to argue on appeal that the trial court erred by partially closing the courtroom without making the findings required by Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). See also Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); Alonso v. State, 821 So.2d 423 (Fla. 3d DCA 2002). The defendant contends that his trial counsel adequately preserved the objection in the trial court, and if not, then appellate counsel should have raised the issue as being fundamental error.
For the reason stated below, we reject the defendant's arguments.

II.
In Alonso v. State, this court addressed the procedure to be applied where the State seeks partial closure of the courtroom under section 918.16, Florida Statutes. First, the court must determine if the statutory criteria are satisfied. Second, the court must determine whether the four-part test of Waller v. Georgia, 467 U.S. at 48, 104 S.Ct. 2210, is satisfied. See Alonso, 821 So.2d at 426.[3] In Alonso the *371 defense objected to closure of the court-room without the constitutionally-required findings, thus preserving the issue for appellate review. Id. at 425.
In the present case, we reject the defendant's claim that defense counsel made a proper objection to the partial closure of the courtroom in the trial proceedings. "In order to preserve an issue for appellate review, the specific legal argument or ground upon which it is based must be presented to the trial court." Occhicone v. State, 570 So.2d 902, 905-06 (Fla.1990) (quoting Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla.1987)).
When the State moved for the closure order, defense counsel said, "I'd like to see some legal authority." That bare statement did not constitute an objection and did not inform the trial court of the legal theory now being advanced, namely, that in order to have a partial closure of the courtroom, it would be necessary to make findings under Waller. Subsequently, when the actual closure occurred, there was no objection, nor any statement for the record that anyone actually left the courtroom. Thus, the point was not preserved for appellate review.

III.
The defendant's main contention in this petition is that the failure to make findings under Waller is fundamental error and that his appellate counsel should have raised the issue on appeal, even in the absence of a proper objection in the trial court.
The en banc Fourth District Court of Appeal has recently rejected such an argument. The Fourth District held that where the partial closure takes place without objection this does not constitute fundamental error.
The majority view across the country is that a failure to object to a closure of the trial waives the right to a public trial. Furthermore, in Dixon v. State, 191 So.2d 94, 96 (Fla. 2d DCA 1966), the second district summarily rejected the appellant's claim of a violation of his right to a public trial because no objection was made. Most recently, our supreme court pointed to the lack of objection as a reason why there was no reversible error in the partial closure of a courtroom during voir dire. See Evans v. State, 808 So.2d 92, 105 (Fla. 2001).
Alvarez v. State, 827 So.2d 269, 274 (Fla. 4th DCA 2002) (en banc) (citations omitted).[4]
We agree with the Fourth District and align ourselves with the majority rule. A proper contemporaneous objection in the trial court is necessary to raise the need for Waller findings in connection with a request for partial closure of the courtroom under section 918.16, Florida Statutes. The absence of Waller findings is not fundamental error.
We also add a practical consideration. Partial closure of the courtroom under this statute is frequently done in child sexual abuse cases. Where a timely request for Waller findings is made, that can readily be accomplished. Where, however, the defendant *372 and his counsel make no objection to the partial closing of the courtroom, that is a good indication that at the time and under the circumstances, the defendant and his counsel did not think the issue to be particularly important. That is hardly a situation which calls for application of the fundamental error doctrine.
The defendant argues that under federal precedent, an error of this type is a structural error which is not subject to waiver. That is incorrect. The United States Supreme Court has said, "The most basic rights of criminal defendants are ... subject to waiver. See, e.g., ... Levine v. United States, 362 U.S. 610, 619, 80 S.Ct. 1038, 1044, 4 L.Ed.2d 989 (1960) (failure to object to closing of courtroom is waiver of right to public trial) . . . ." Peretz v. United States, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991); see Alvarez v. State, 827 So.2d at 274 (quoting Peretz); see also Luda v. State, 860 So.2d 457, 458 n. 1 (Fla. 4th DCA 2003).
Petition denied.
FLETCHER, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
I believe that Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999), rather than Alvarez v. State, 827 So.2d 269 (Fla. 4th DCA 2002)(en banc), review denied, 845 So.2d 887 (Fla.2003),[5] which overruled Williams, correctly decides the issue in this case. The only authority cited by Alvarez which purports to justify a departure from the fundamental error analysis in Williams, is Peretz v. United States, 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). In Peretz, however, the Supreme Court specifically held that the error involved there, the absence of the district judge from voir dire proceedings conducted by a magistrate, was not structural. See Peretz, 501 U.S. at 937, 111 S.Ct. 2661 ("we are convinced that no such structural protections are implicated by the procedure followed in this case"). In contrast, I think the partial closure of the courtroom is just such an error. See Williams, 736 So.2d at 701 (citing Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991))(White, J., dissenting and specially concurring).[6] As Williams, I believe correctly, states:
The fact that the denial of the right to a public trial concerns plain error cognizable for the first time on appeal is best understood with reference to the significance of this right. The right to a public trial has been recognized as arising out of `the distrust for secret trials ... variously ascribed to the notorious use of this practice by the Spanish Inquisition, to the excesses of the English Court of Star Chamber, and to the French Monarchy's abuse of the lettre de cachet.' In re Oliver, 333 U.S. 257, *373 268-269, 68 S.Ct. 499, 92 L.Ed. 682 (1948). `[A]t the time of the adoption of the Sixth Amendment the common law concept of a public trial had come to be regarded as an essential guarantee against any attempt to employ the courts as instruments of persecution.' United States v. Kobli, 172 F.2d 919, 921 (3d Cir.1949). The several essential purposes served by the public trial guarantee include: `allowing the public to see that a defendant is fairly dealt with, encouraging trial participants to perform their duties more conscientiously, discouraging perjury, and bringing forth witnesses who might not otherwise testify.' Douglas v. Wainwright, 739 F.2d 531, 532 (11th Cir.1984).
Williams, 736 So.2d at 701. I would reverse and certify conflict with Alvarez. That having failed, I would certify the case as one involving a question of great public importance. Since that has failed as well, I just dissent.
NOTES
[1] The charged crimes occurred in 1998.
[2] Since the statute regulates trial procedure, the version in effect at the time of the trial is controlling, not the version in effect at the time of the defendant's crime.
[3] The Alonso court said, in part:

"The appropriate analysis to follow to determine whether a particular case warrants closure is set forth in Waller [v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)]. There are four prerequisites that must be satisfied before the presumption of openness may be overcome. First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; second, the closure must be no broader than necessary to protect that interest; third, the trial court must consider reasonable alternatives to closing the proceedings; and fourth, the court must make findings adequate to support the closure. Waller, 467 U.S. at 47, 104 S.Ct. at 2215."
821 So.2d at 426 (quoting Pritchett v. State, 566 So.2d 6, 7 (Fla. 2d DCA 1990)).
[4] In so ruling, the Fourth District receded from Williams v. State, 736 So.2d 699 (Fla. 4th DCA 1999), which had held that an unobjected-to-closure without Waller findings was fundamental error.
[5] I confess that, probably because of my headlong descent into (at least) constitutional senility, I have been unable to grasp the concept espoused in Alvarez of a structural defect  which by definition goes so much to the heart of the criminal process that it cannot be tolerated, much less waived  which may nonetheless be subject to waiver by a mere failure appropriately to object.
[6] It is true that Peretz's favorable citation of Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989 (1960), is to the contrary of this view. However, Levine long preceded both Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) and the line of cases which analyzes the waiver issue in terms of whether a structural defect is involved. Because of this fact, and particularly considering Justice Black's dissent, I have the temerity to believe that, if directly faced with the question again, the Supreme Court would reach an opposite conclusion. Whether or not this is true, however, I believe that this result is the correct one, which should be adopted as the law of Florida.