991 So.2d 946 (2008)
Bernard MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2923.
District Court of Appeal of Florida, First District.
September 4, 2008.
Rehearing Denied October 16, 2008.
William Mallory Kent of The Law Office of William Mallory Kent, Jacksonville, for Appellant.
Bill McCollum, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Bernard Miller appeals his convictions on two counts of lewd or lascivious battery on a person twelve years of age or older, but less than sixteen years old, in violation of section 800.04(4)(a), Florida Statutes (2005). Miller raises three points on appeal, none of which warrant reversal. Any error on the second and third points, concerning the admission of testimony, is harmless.
As to the first point, Miller argues the trial court reversibly erred in excluding his immediate family from the courtroom during the testimony of the victim, A.H., contrary to section 918.16(1), Florida Statutes. That statute provides:
[I]n the trial of any case, civil or criminal, when any person under the age of 16 or any person with mental retardation as defined in s. 393.063 is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their *947 immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney's office.
§ 918.16(1), Fla. Stat. (2006). When the State called A.H. as a witness during the trial, the following transpired:
THE COURT: Are you requesting the courtroom be cleared?
MR. AULL [prosecutor]: Yes, Your Honor.
MS. PAPA [defense counsel]: I'm sorry, Your Honor, I didn't hear 
THE COURT: We need to clear the courtroom.
MS. PAPA: Your Honor, I believe there is an exception for immediate family members of the defendant, Your Honor.
THE COURT: I don't  I'm not familiar with that. Is there an exception for immediate family members of the defendant?
MR. AULL: Not that I'm aware of, Your Honor.
THE COURT: Not that I'm aware of either.
MS. PAPA: Your Honor, I believe there is if we may 
THE COURT: Certainly. I'll give you the Florida Statutes and let you show it to me. Go ahead and swear her in.
[A.H.], having been produced and first duly sworn as a witness on behalf of the State, testified as follows:
THE COURT: You can have a seat. Except for the victim advocate everyone should be out of the courtroom.
MR. AULL: There are two advocates there.
THE COURT: And what about the third?
MR. AULL: Her counselor.
THE COURT: All right. Go ahead.
A.H. then proceeded to testify. Defense counsel made no other statement, objection, or argument concerning the immediate family members of the defendant. Neither the judge nor the prosecutor seemed aware of the statutory provision. From what is in the record, the court gave counsel the opportunity to consult the Florida Statutes and show the court the pertinent statute. Although, from the record, the court did allow the victim advocates and counselor to remain, nothing in the record indicates exactly who else was present in, or excluded from, the courtroom, or what the relationships were of those people to the defendant.
Assuming defense counsel's objection was specific enough to sufficiently raise the issue to the trial court, defense counsel waived such objection by failing to secure a ruling. See LeRetilley v. Harris, 354 So.2d 1213, 1214 (Fla. 4th DCA 1978) ("[F]ailure to secure a ruling on an objection waives it, unless the court deliberately and patently refuses to so rule."); see also Luda v. State, 860 So.2d 457, 458 n. 1 (Fla. 4th DCA 2003) ("A defendant, however, can waive his right to a public trial by failing to object. In the instant case, Luda's attorney generally objected to the closure. But, he did not request that Luda's family members be allowed to remain in the courtroom and did not draw the trial court's attention to the language of section 918.16, Florida Statutes (1998), that exempts the parties' immediate families from exclusion from the courtroom. An objection must be specific enough to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." (citations omitted; emphasis added)); Hobbs v. State, 820 So.2d 347, 349 (Fla. 1st DCA 2002) (finding defendant failed to preserve argument on *948 appeal, that trial court erred in not complying with section 918.16, where "the parties knew that the State was attempting to comply with section 918.16" and defense counsel failed to object).
In a similar situation, the Third District found counsel's statement that "I'd like to see some legal authority," insufficient to preserve for appellate review the issue of whether the trial court erred in partially closing the courtroom. Jones v. State, 883 So.2d 369, 370-71 (Fla. 3d DCA 2004). The court explained:
When the State moved for the closure order, defense counsel said, "I'd like to see some legal authority." That bare statement did not constitute an objection and did not inform the trial court of the legal theory now being advanced, namely, that in order to have a partial closure of the courtroom, it would be necessary to make findings under Waller [v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)]. Subsequently, when the actual closure occurred, there was no objection, nor any statement for the record that anyone actually left the courtroom. Thus, the point was not preserved for appellate review.
Id. at 371 (emphasis added). The Jones court further found the situation did not warrant application of the fundamental error doctrine:
Partial closure of the courtroom under this statute is frequently done in child sexual abuse cases. Where a timely request for Waller findings is made, that can readily be accomplished. Where, however, the defendant and his counsel make no objection to the partial closing of the courtroom, that is a good indication that at the time and under the circumstances, the defendant and his counsel did not think the issue to be particularly important. That is hardly a situation which calls for application of the fundamental error doctrine.
Id. at 371-72 (emphasis added). Similarly, here, by failing to raise the specific statute number to the court when given the opportunity to do so, by failing to make sure the record reflected exactly who was excluded from the courtroom, and by failing to make any further argument, defense counsel waived any objection to the clearing of the courtroom, or at least failed to make an adequate record for review of that circumstance. See Alvarez v. State, 827 So.2d 269, 271 (Fla. 4th DCA 2002) ("[B]ecause appellant never raised an objection, there is nothing in the record to show whether statutorily permitted observers were excluded or permitted to stay. The record is silent as to who was removed from the courtroom and who was allowed to stay, except for the victim advocate and the victim's mother."). Cf. Alonso v. State, 821 So.2d 423, 426-27 (Fla. 3d DCA 2002) (reversing and remanding for new trial where defense counsel objected to partial closure of courtroom and exclusion of defendant's cousin, minister, girlfriend, and several friends, and trial court failed to make necessary findings justifying closure during testimony of teenaged witnesses who were not victims).
AFFIRMED.
BARFIELD and KAHN, JJ., concur; BENTON, J., dissents without opinion.