SCHWARTZ, Senior Judge
(specially concurring).
The defendant’s sole contention is that the trial court erred in informing the jury, after it had reported a deadlock, that
you have been deliberating for approximately three hours and 40 minutes, and you need to continue to deliberate. You can retire to the jury room.
He claims that reversal is required by what he says is the “all fours” decision in Goodwin v. State, 717 So.2d 561 (Fla. 2d DCA 1998). This is not the case.
Even assuming that Goodwin is correct on its own facts,[1] it is decisively distinguishable. The defendant claims that the vice of the innocuous instruction “to continue to deliberate” is that it did not affirmatively inform the jury that they were entitled not to reach a verdict of any kind. in Goodwin the defense attorney raised just that point to the trial judge, advancing the “position ... that the wording of the State’s proposal might force a juror to compromise his or her position simply for the sake of reaching a verdict. The trial court overruled the defense’s request, [and] noted the objection ...” Goodwin, 717 So.2d at 562. In contrast, defense counsel in this case merely asked the court to “tell them about Mr. Allen,” an obvious but super-generalized reference to Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). If requested, the trial court might have readily added a statement that, of course, “[y]ou are not required to reach a verdict.” Although this would have cured the defendant’s appellate objection, trial counsel did not even ask. He certainly did not make the parti-cularlized objection required to preserve the point for appellate review. See Warren v. State, 498 So.2d 472 (Fla. 3d DCA 1986); Tejeda-Bermudez v. State, 427 So.2d 1096 (Fla. 3d DCA 1983); see generally Miller v. State, 991 So.2d 946, 2008 WL 4067304 (Fla. 1st DCA September 4, 2008); Jones v. State, 883 So.2d 369 (Fla. 3d DCA 2004); Luda v. State, 860 So.2d 457 (Fla. 4th DCA 2003); 3 Fla. Jur.2d Appellate Review § 115 (2004).

. In my opinion, however, Goodwin was wrongly decided. This is because I find nothing to support the court's underlying supposition that the failure to affirmatively say that it was legally permissible for the jury to disagree raises any, let alone a very real possibility that the jurors believed that they were required to reach a verdict even if that meant compromising their positions.” Goodwin, 717 So.2d at 562. Simply stated, while it is true that, as Goodwin says, it is error to "... give improper admonitions which make it clear that the jury must reach a verdict”, Goodwin, 717 So.2d at 562, a common and simple request to continue deliberations, as here, falls far short of qualifying under the court’s rule. See Washington v. State, 758 So.2d 1148 (Fla. 4th DCA 2000).