COHEN, J.
 

 Anderson Mansingh appeals his convictions for first-degree murder and burglary of a dwelling with an assault or battery, following a jury trial. Mansingh raises three issues on appeal, only one of which merits discussion.
 

 Mansingh contends he was deprived of his constitutional right to a public trial when the trial court excluded the public during voir dire, despite his objection and request they be allowed to sit in the jury box. As the jury was preparing to enter the courtroom for voir dire, the court deputy informed individuals seated in the back of the courtroom that they would need to leave as the prospective jurors would occupy every seat. Mansingh suggested that the unidentified spectators could sit in the jury box. No record was made of the number of spectators or their relationship to Mansingh. The trial judge believed Mansingh’s suggestion was inappropriate and refused. The discussion of the issue is fleeting:
 

 Mr. Schmer: I won’t belabor the point. I need to object on the record.
 

 The Court: I understand.
 

 Mr. Schmer: Thank you.
 

 The Court: Unfortunately we have limited space in the courtroom.
 

 Notably, Mansingh failed to state a legal ground for his objection. No argument was made about Mansingh’s right to a
 
 *384
 
 public trial and no case law was provided or cited to the trial judge. Whatever issues counsel had with the removal of spectators during voir dire were not discussed.
 

 To presérve an argument of trial court error in overruling an objection, the objection must be contemporaneous, state a legal ground, and the argument on appeal must be the same legal ground advanced for the objection below.
 
 See State v. Colbert,
 
 968 So.2d 1043, 1044 (Fla. 5th DCA 2007), quoting
 
 Harrell v. State,
 
 894 So.2d 935, 940 (Fla.2005). Mansingh lodged only a general objection to individuals not being allowed to sit in the jury box, and he did not argue, as he does on appeal, that the trial court was required to make findings of a compelling governmental interest and that closure was narrowly tailored to serve that interest. He also did not alert the trial court that
 
 Waller v. Georgia,
 
 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), required certain findings to be made.
 
 [1]
 
 We do not believe that an objection “for the record,” without setting forth legal grounds, is adequate to preserve an issue for appeal.
 
 See Jones v. State,
 
 883 So.2d 369, 371 (Fla. 3d DCA 2004) (holding counsel’s statement that he would like to see some legal authority and failure to advance the legal theory being asserted on appeal when faced with State’s closure motion, coupled with failure to object or any statement on the record that anyone left the courtroom when trial court granted the motion, did not preserve partial closure of courtroom for appellate review);
 
 Luda v. State,
 
 860 So.2d 457, 458 n. 1 (Fla. 4th DCA 2003) (holding defendant’s general objection, coupled with failure to cite statutory language exempting family members from exclusion during a trial when any person under sixteen is testifying about a sex offense, was insufficient to preserve the issue for appellate review).
 

 AFFIRMED.
 

 PALMER and TORPY, JJ., concur.
 

 [1]
 

 .
 
 See also Presley v. Georgia,
 
 - U.S. -, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010).